IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03395-BNB

CHESTER LEE HUGGINS,

    Plaintiff,

v.

JOHN F. REILLY, 4941,
ANDY KLINKERMAN, 4924,
BRIAN GRAHAM, and
MISS. FALK, Warden of Limon Corr. Fac.,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Chester Lee Huggins, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Huggins initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On January 15, 2014, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an amended complaint that clarifies the claims he is asserting in this action. Magistrate Judge Boland specifically determined that the Prisoner Complaint did not provide a short and plain statement of the claims being asserted as required pursuant to Rule 8 of the Federal Rules of Civil Procedure because Mr. Huggins failed to allege clearly and concisely how each named Defendant personally participated in the asserted constitutional violations.

    On February 18, 2014, Mr. Huggins filed an Amended Complaint (ECF No. 9), but he failed to use the required Prisoner Complaint form. Therefore, on February 20,

2014, Magistrate Judge Boland entered an order directing Mr. Huggins to file a second amended complaint on the proper form that clarifies the claims he is asserting in this action. Magistrate Judge Boland reiterated that the second amended complaint must comply with the pleading requirements of Rule 8. Mr. Huggins was warned that the action would be dismissed without further notice if he failed to file within thirty days a second amended complaint on the proper form that complies with the pleading requirements of Rule 8. On March 24, 2014, Mr. Huggins filed a second amended complaint (ECF No. 11) using the required Prisoner Complaint form.

The Court must construe the second amended complaint liberally because Mr. Huggins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the second amended complaint and finds that Mr. Huggins still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the

plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Huggins primarily contends that he was discriminated against in connection with his minimum-wage prison job at the Limon Correctional Facility on the basis of his race. He also contends that he was removed from the minimum-wage program at the Limon Correctional Facility in retaliation for complaining about race discrimination. However, he fails to allege specific facts that demonstrate what each Defendant did that allegedly violated his rights.

Mr. Huggins makes the most direct allegations against Defendant John F. Reilly, who allegedly responded to complaints about discrimination by telling Mr. Huggins he could work in the kitchen and to take him to court and see what the courts do. (*See* ECF No. 11 at 4.) Mr. Huggins also alleges in connection with his retaliation claim that Mr. Reilly called him a "porch monk[e]y" on May 12, 2013. (ECF No. 11 at 7.) With respect to Defendant Brian Graham, Mr. Huggins alleges only that he "knowingly

partook, in what JOHN REILLY (4941).  DID."  (ECF No. 11 at 5.)  Likewise, Mr. Huggins alleges with respect to Defendant Andy Klinkerman only that he "knowenly [sic] partook in thew [sic] violation of my rights."  (ECF No. 11 at 6.)  With respect to Defendant Falk, the warden of the Limon Correctional Facility, Mr. Huggins asserts that he informed Warden Falk about John Reilly's constitutional violations in January 2013 and she told Mr. Huggins to write to Colorado Springs for help rather than protecting him from harm as required by DOC policy.  (*See* ECF No. 11 at 6.)

Magistrate Judge Boland explained to Mr. Huggins that allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).  Despite this specific instruction, Mr. Huggins still fails to allege clearly and concisely how each named Defendant personally participated in the asserted constitutional violations.  With respect to his racial discrimination claim, Mr. Huggins fails to allege specific facts that demonstrate what each Defendant intentionally did to treat him differently than similarly situated individuals.  *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109-10 (10th Cir. 2008) (discussing elements of an equal protection claim).  Mr. Huggins similarly fails to allege specific facts that demonstrate any Defendant personally participated in a constitutional retaliation claim.  *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012) (listing three elements necessary to state a retaliation claim:  (1) that the plaintiff was engaged in constitutionally protected activity, (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's constitutionally protected activity).

In short, Mr. Huggins' vague and conclusory allegations of personal participation in the second amended complaint do not give Defendants fair notice of the specific claims being asserted against them. Instead, Mr. Huggins places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific factual allegations support each asserted claim. As a result, Mr. Huggins fails to provide a short and plain statement of his claims showing he is entitled to relief.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. Huggins fails to provide a clear and concise statement of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint (ECF No. 1), the amended complaint (ECF No. 9), the second amended complaint (ECF No. 11), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Huggins has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  10th  day of    April       , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court